IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TAG / ICIB SERVICES, INC. as agent
of AMERICAN PRESIDENT LINES

  Plaintiff

     v.                    **CIVIL NO.  04-2056 (JAG)**

MADERAS DECORATIVAS, INC.

  Defendant

**REPORT AND RECOMMENDATION**

Before the Court is defendant Maderas Decorativas Inc.("Maderas")'s *Motion to Dismiss* (Docket No.6), requesting the dismissal of plaintiff TAG/ICIB Services Inc's. ("TAG") Complaint.

At the outset, the Court notes that the Maderas motion was titled *Motion to Dismiss and/or Summary Judgment.* However Maderas failed to comply with Local Rule 56 which requires a party moving for Summary Judgment to include "a **separate, short, and concise statement of material facts**, set forth in numbered paragraphs as to which the moving party contends there is no genuine issue of material facts to be tried. Each fact asserted in the statement shall be **supported by a record citation** as required by subsection (e) of this rule."[1] Maderas failed to file such a statement of material facts, for which the Court shall treat the motion at bar as one to dismiss.

After careful review and for the reasons set forth herein, the Court **RECOMMENDS** that Maderas *Motion to Dismiss* be **DENIED**.

---

[1] Local Rule 56(b) of the United States District Court (D. Puerto Rico 2004)(emphasis added).

**Civil No. 04-2056(JAG)** 2

## I. STANDARD OF REVIEW

In assessing whether dismissal is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654 (1999) (*Citing*: *Conley v. Gibson,* 355 U.S. 41, 45-6, 78 (1957), *See also Correa-Martínez v. Arrillaga-Beléndez,* 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

"Although this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997). In order to survive a motion to dismiss, a complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *Id.* In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like, on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle,* 142 F.3d at 508 (*quoting Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)). *See also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). Moreover, courts will not accept a complainant's unsupported conclusions or interpretations of law. *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993).

**Civil No. 04-2056(JAG)**　　　　　　　　3

## II. LEGAL ANALYSIS

In an admiralty case, such as this, maritime law and the equitable doctrine of laches govern the applicable statute of limitations. <u>TAG/ICIB Services v. Pan American Grain Co.,</u> 215 F.3d 172, 175 (1st Cir. 2000). In the maritime context, a laches analysis utilizes as a benchmark the limitations period contained in the most analogous state statute. <u>Puerto Rican-American Ins. Co. v. Benjamin Shipping Co. Ltd.</u>, 829 F.2d 281,283 (1st Cir. 1987). However, said limitations period is not per se dispositive, but rather courts rely upon the same to establish burdens of proof and presumptions of timeliness and untimeliness. <u>TAG/ICIB Services,</u> 215 F.3d, at 175.

Defendant alleges that in Puerto Rico the statute of limitations applicable to maritime and demurrage claims is that provided in the Puerto Rico Code of Commerce, 10 P.R. Laws. Ann. tit. 10 § 1909, which limits the collection period for demurrage claims to six months. However, while said statute is certainly broad enough to apply to a demurrage action such as this, an admiralty court must apply the federal maritime rules that directly address the issues at hand, and only resort to state law when no federal law applies. <u>Greenly v. Mariner Management Group, Inc.</u>, 192 F.3d 22, 25-26 (1st Cir. 1999). In the case at bar, there is an applicable federal statute which regulates the very tariffs under which the alleged demurrages arose: the International Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 10101 et seq. What exact limitations period applies under the ICCTA will depend on the specific facts of this case, which must be further developed. Thus, this issue cannot be disposed of on a motion to dismiss.

Defendant further alleges that plaintiff's delay to file suit for the collection of demurrage has put it in an unreasonable and/or prejudicial position, and that said practice is offensive under the doctrine of laches. Defendant's *Motion to Dismiss* ¶ 15. When applying the doctrine of laches, the court examines whether plaintiff's delay was unreasonable and whether defendant was prejudiced

**Civil No. 04-2056(JAG)**				4

by the delay. <u>Puerto Rican-American Ins. Co. v. Benjamin Shipping Co. Ltd.</u>, 829 F.2d 281,283 (1st Cir. 1987). In the case at bar, defendant contends that plaintiff's four and one half year delay in filing suit prejudices him since it is the usual practice and usage of brokers in Puerto Rico to dispose their record, bill of lading and documents after a three year period. Defendant's *Motion to Dismiss* ¶ 1. As noted above, in resolving the present *Motion to Dismiss,* the Court may only consider the well-pleaded allegations in the complaint. The laches claim brought by defendant requires a more in-depth study of the facts of the case, as well as supporting documentation. Consequently, said claim is beyond the Court's standard of review. Hence, Defendants request for dismissal on laches grounds must be **DENIED WITHOUT PREJUDICE**.

**WHEREFORE**, this Court **RECOMMENDS** that Defendant's *Motion to Dismiss* (Docket No. 6) be **DENIED WITHOUT PREJUDICE**. Defendant may again move for summary judgment, following discovery.

**SO RECOMMENDED.**

In San Juan, Puerto Rico this 8th day of July, 2005.

*S/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
United States Magistrate Judge